THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
TIM L. LASKE (Cal. Bar No. 223395)
Assistant U.S. Attorney
    Room 7516 Federal Building
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-0805
    Facsimile: (213) 894-7819
    Email: Tim.Laske@usdoj.gov

Attorney for Federal Defendant
the United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| DWAYNE SUTHERLAND, | ) No. SA CV08-03458 JVS (PJWx) |
| Plaintiff, | ) |
| v. | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| Defendants. | ) Hon. Patrick J. Walsh |

**(1)    <u>STIPULATION FOR PROTECTIVE ORDER; AND</u>**

**(2)    <u>[ORDER]</u>**

1   IT IS HEREBY stipulated, by and between plaintiff Dwayne Sutherland,

2   defendant Kevin Baker and defendant the United States of America, through their

3   respective counsel, subject to the approval of the Court as required, as follows:

4   The parties hereto agree that the Court should enter a Protective Order to

5   permit defendants Baker and the United States (collectively, "Defendants") to

6   release confidential or sensitive information and documents which the Defendants

7   deem to be appropriate subjects for initial and other disclosures, for responses to

8   discovery, for use in motions, for preparation for trial and for use in trial.  The

9   parties further agree that the proposed Protective Order shall apply to confidential

10  or sensitive information and documents produced by third-party federal, state and

11  local agencies, and their respective officials, employees or agents.

12  **A.      The Basis for the Stipulation**

13  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties

14  file this joint stipulation because Defendants have identified as confidential or

15  sensitive information the policies, methods, techniques, procedures, guidelines and

16  intelligence for federal law enforcement operations and detention of aliens, as well

17  as information about governmental personnel.  If disseminated, individuals who

18  have access to such information might use it to undermine the efforts of federal

19  agencies to enforce the government's immigration and customs laws.  It is in the

20  public interest to protect against any risk of circumvention of the law that might

21  result from disclosure of confidential or sensitive information as described in the

22  proposed Protective Order.

23  Further, pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a, Defendants

24  and third-party government agencies are prohibited from disclosing records

25  containing information regarding individuals who have not consented to such

26  release, unless an exception applies, such as a court order.  The Privacy Act

27  regulates the collection, maintenance, use and dissemination of personal

28  information by government agencies and provides, in pertinent part:

"No agency shall disclose any record which is contained in a system
of records by any means of communication to any person, or to
another agency, except pursuant to a written consent of, the individual
to whom the record pertains, <u>unless disclosure of the record would be.</u>
<u>. . . (11) pursuant to the order of a court of competent jurisdiction</u>"
5 U.S.C. § 552a(b)(11). The essential point of such a court order exception is that
the Privacy Act "cannot be used to block the normal course of court proceedings,
including court-ordered discovery." *Clavir v. United States*, 84 F.R.D. 612, 614
(S.D. N.Y. 1979); *see also Martin v. United States*, 1 Cl. Ct. 775, 780-82 (Cl. Ct.
1983). The Court may order the disclosure of such documents where the Court
merely finds the documents meet the relevance standard under Fed. R. Civ. P. 26.
*Wallman v. Tower Air, Inc*., 189 F.R.D. 566, 569 (N.D. Cal. 1999) (finding "no
basis" for requiring a showing of need beyond that already required by the Federal
Rules of Civil Procedure (FRCP) in issuing an 552(a)(b)(11) order); *Laxalt v.*
*McClatchy*, 890 F.2d 885, 889-90 (D.C. Cir. 1987) (the "plain language" of
552a(b)(11) gives no "basis for inferring that [a higher standard of discovery]
replaces the usual discovery standards of the [Federal Rules of Civil Procedure].").
Thus, the Court is not required to weigh the need for disclosure against the
potential harm to the subjects of disclosure.

As discussed below, the information and documents to be disclosed are
relevant to this action and the need for the information clearly outweighs any
potential harm to the parties or non-parties at issue. In this action, plaintiff asserts
federal constitutional claims and state common law tort claims based upon
allegations that defendant Baker intentionally shot and injured him. Plaintiff
alleges that defendant Baker was acting as a member of a U.S. Immigration and
Customs Enforcement task force at the time of the shooting. Plaintiff also asserts
claims relating to his detention at ICE's San Pedro Detention Center. Plaintiff
///

1   further alleges that their was a conspiracy to cover up the shooting and in the
2   manner he was detained by ICE for immigration violations.

3          It is anticipated that discovery in this matter may involve the disclosure of
4   confidential or sensitive information relating to federal government officials,
5   employees or agents; state and local law enforcement officials, employees or
6   agents; undercover law enforcement personnel; non–party witnesses; plaintiff's
7   relatives and associates; the ICE surveillance operation conducted on the day of the
8   shooting; the subsequent investigation into the shooting; plaintiff's certified alien
9   file and certified detention file; plaintiff's detention at ICE's San Pedro Detention
10  Center; and persons whose information may be otherwise protected by the Privacy
11  Act.

12         Therefore, in order to permit disclosure of such confidential and sensitive
13  information, while at the same times observing the requirements of Rule 26 of the
14  Federal Rules of Civil Procedure, the parties seek an order permitting them to
15  produce such information and documents relevant to the subject matter of this case
16  to counsel for the other parties and to permit the parties to use such information
17  and documents solely for the purposes of this litigation as set forth below.

18  **B.     Designation of Information Subject to the Proposed Protective Order**

19         1.     The proposed Protective Order shall cover any and all information and
20  documents including, but not limited to, federal government officials, employees
21  or agents; state and local law enforcement officials, employees or agents;
22  undercover law enforcement personnel; non–party witnesses; plaintiff's relatives
23  and associates; government sensitive and confidential law enforcement information
24  regarding the policies, methods, techniques, procedures, guidelines and intelligence
25  for ICE operations and detention of aliens; the ICE surveillance operation
26  conducted on the day of the shooting; the subsequent investigation into the
27  shooting; plaintiff's certified alien file and certified detention file; plaintiff's
28  ///

1  detention at ICE's San Pedro Detention Center; and persons whose information

2  may be otherwise protected by the Privacy Act.

3       2.      As used in the proposed Protective Order, the term "Confidential

4  Information" shall include any information that is disclosed by Defendants to

5  plaintiff's counsel and which at or before the time of disclosure has been

6  designated as **"Confidential - Subject to Protective Order**" by Defendants in one

7  or more of the following ways:

8             a.      Information set forth in a response to any written discovery may

9  be so designated by including the word "Confidential - Subject to Protective

10 Order" in the response;

11            b.      Information contained in any document or part thereof may be

12 so designated by marking the word "Confidential- Subject to Protective Order" on

13 the document or by giving written notice to counsel for plaintiff describing the

14 document or part thereof either specifically or by category.

15            c.      Information contained in any statement made during an oral

16 deposition may be so designated through a statement made on the record, or by

17 providing plaintiff's counsel a list of designated lines from any deposition

18 transcript containing information covered by the proposed Protective Order within

19 fifteen (15) business days of receiving the deposition transcript.

20      3.      "Confidential Information" may be further designated "Highly

21 Confidential Information" by placing the phrase **"Highly Confidential -**

22 **Attorneys' Eyes Only"** conspicuously on each page to be afforded such treatment

23 under the proposed Protective Order.  Such designation shall be by one of the

24 methods described above in **paragraph B, part 2.**

25      4.      "Confidential" or "Highly Confidential" information shall also

26 include any information that is disclosed by third-party government entities or

27 personnel to plaintiff's counsel.  Defendants shall have fifteen (15) business days

28 from the receipt of such information from plaintiff, his counsel or third-party

1   vendor (*i.e.*, U.S. Legal Support, or court reporting service) to notify any of the
2   parties that any information shall be designated as "Confidential" or "Highly
3   Confidential."  Such designation shall be by one of the methods described above in
4   **paragraph B, part 2.**

5   **C.    Disclosure And Use of Information to be Protected By the Proposed**
6          **Protective Order**

7          1.     "Confidential Information" may be disclosed by plaintiff's counsel
8   only to the following persons:

9                 A.     Named plaintiff;

10                B.     Attorneys of record for plaintiff, including any attorneys
11  employed by a law firm or legal organization of record that represents plaintiff;

12                C.     Secretarial, clerical, paralegal, or student personnel employed
13  full-time or part-time by attorneys or a law firm or legal organization of record that
14  represents plaintiff;

15                D.     Independent (non-employee) expert witnesses or consulting
16  experts retained by plaintiff, attorneys, law firm or legal organization of record in
17  connection with this action;

18                E.     the Court and its personnel, and any court reporters and
19  stenographers engaged in recording testimony and proceedings and their
20  employees,  however, that counsel wishing to file such materials with the Court
21  must comply with **paragraph C, part 5** herein; and

22                F.     such other persons as hereafter may be authorized by the Court
23  upon motion of any of the parties.

24         2.     "Highly Confidential Information" may be disclosed by plaintiff or
25  his counsel only to the following persons:

26                A.     Attorneys of record for plaintiff, including any attorneys
27  employed by a law firm or legal organization of record to whom such disclosure is
28  deemed reasonably necessary by such counsel to conduct this litigation;

6

      B.      Secretarial, clerical, paralegal, or student personnel employed full-time or part-time by attorneys or a law firm or legal organization to whom such disclosure is deemed reasonably necessary by such counsel to conduct this litigation;

      C.      Independent (non-employee) expert witnesses or consulting experts retained by plaintiff, attorneys, law firm or legal organization of record to whom such disclosure is deemed reasonably necessary by such counsel to conduct this litigation; and

      D.      the Court and its personnel, and any court reporters and stenographers engaged in recording testimony and proceedings and their employees, however, that counsel wishing to file such materials with the Court must comply with **paragraph C, part 5** herein.

      3.      A copy of the proposed Protective Order shall be delivered to each of the named parties and to each person identified in **paragraph C, parts 1 and 2** to whom a disclosure of "Confidential" or "Highly Confidential" information is made, at or before the time of disclosure, by counsel for plaintiff. The provisions of the proposed Protective Order shall be binding upon each person to whom disclosure is made and no such person shall make disclosure of such information to any other person unless disclosure is reasonably and in good faith calculated to aid in preparation of this action. In addition, plaintiff's counsel shall ensure prior to disclosure of "Confidential" or "Highly Confidential" information to persons listed in **paragraph C, part 1, sub-part d and f,** that such persons must have read, understood and acknowledge in writing his or her agreement to be bound by the Protective Order, as follows:

      **I, _____, declare under the penalty that I have read and understand the terms of this Protective Order issued by the United States District Court on _____, 2009. I understand that this Protective Order remains in effect during and after the**

**conclusion of this litigation, and I agree to be bound by it.  I understand that I may be subject to penalties for contempt of Court if I violate this Protective Order.**

**Dated: _____                   _____**

To the extent that "Confidential" or "Highly Confidential" information may be identified or referred to in depositions in this action, the court reporter transcribing the deposition shall sign the statement set forth above herein. Any questions intended to elicit testimony regarding the contents of the protected documents or information shall be conducted only in the presence of persons authorized to review the protected documents as provided in the proposed Protective Order.  Any deposition transcript containing such questions and testimony shall be subject to the same protections and precautions as the protected documents themselves.

Plaintiff's counsel shall be responsible for maintain the signed original of each such written agreement until the conclusion of this action, including any appeal, and shall produce such written statements to Defendants for inspection upon demand.

4.     The provisions of the proposed Protective Order shall not be construed to prevent any disclosure of "Confidential" or "Highly Confidential" information by Defendants; any judge, magistrate or employee of this Court for purposes of this action; or for the purposes of enforcement of the criminal laws.

5.     Before counsel for plaintiff may file with the Court any pleadings, motions or other papers disclosing "Confidential" or "Highly Confidential" information provided by Defendants or third-party government agency, it shall give no less than five business days notice to Defendants identifying the information that would be disclosed.  Defendants may make an application to the Court requesting that the papers or confidential portions thereof be filed under seal. If such an application is made, the papers in question shall not be filed until the

Court renders a decision on that application.  In addition, Defendants may make an application to the Court requesting that any pleadings, motions or other papers disclosing their own "Confidential" or "Highly Confidential" information be filed under seal and the papers in question shall not be filed until the Court renders a decision on that application.

6.     "Confidential" and "Highly Confidential" information disclosed to plaintiff or his counsel in this action shall be used by plaintiff or his counsel only for purposes of this action, and shall not be published to the public in any form by plaintiff or his counsel, nor used by them for any business, commercial or advocacy purposes.

7.     The parties and their counsel may use "Confidential" or "Highly Confidential" information and documents, subject to the limitations in the Protective Order, in conducting further discovery in this case, in law and motion proceedings, and in all preparations for trial.

8.     The parties and their counsel may use "Confidential" or "Highly Confidential" information and documents, subject to the limitations in the Protective Order, at trial in this matter, including without limitation, in the examination of any witness, and in the presentation of evidence, in making and defending trial motions, in trial briefs and in oral argument.

9.     The parties and their counsel may use "Confidential" or "Highly Confidential" information and documents, subject to the limitations in the Protective Order, in any appellate proceedings.

10.     Upon the conclusion of this litigation, all "Confidential Information" or "Highly Confidential Information" shall be returned to the producing party, or shall be certified to be destroyed.

**D.     Objections And Modification to Confidential Treatment of Information**

1.     A party to the proposed Protective Order shall not be obligated to challenge the propriety of the designation of information as "Confidential" or

"Highly Confidential" information at the time made, and failure to do so shall not preclude a subsequent challenge thereof, provided that such challenge is made prior to the close of discovery. If a party disputes the designation of any information, the party shall attempt to informally resolve the issue with the other parties. If the parties are unable to resolve the issue, counsel may file an appropriate motion with the Court designating the information or documents at issue and why the party is seeking to change or remove the "Confidential" or "Highly Confidential" designation. Until a resolution is achieved through agreement or court order, all persons must treat the documents or information in question as "Confidential" or "Highly Confidential" information.

2. The proposed Protective Order may be modified if the parties agree to such modification or if such modification is ordered by the Court.

3. Any person may at any time move, on notice to all parties, for modification of, or other relief from, the proposed Protective Order.

**E.** **The Scope of the Proposed Protective Order**

1. Nothing herein is intended to preclude Defendants from asserting the law enforcement and investigatory privileges, or any other applicable privilege or restriction, including the Privacy Act, with respect to information and documents which they deem to be sensitive to criminal investigations, informants or law enforcement personnel, and declining to produce such information or documents.

2. Nothing herein is intended to preclude plaintiff or any other party from challenging the confidentiality designation, or the assertion of privilege pursuant to the Federal Rules of Evidence or the Federal Rules of Civil Procedure, by defendants Baker or the United States.

3. Nothing herein is intended to compromise the rights of any party to object to discovery or the admission into evidence of any document, record, testimony or other information pursuant to the Federal Rules of Evidence or the

///

10

Federal Rules of Civil Procedure, nor is it intended to alter any burden of proof regarding any assertion of privilege in this matter.

4.     Nothing herein constitutes a decision by the Court concerning discovery disputes or the admission into evidence of any specific document, testimony, or liability for payment of any costs of production or reproduction of documents.

5.     Neither termination of this action, nor the termination of employment, engagement, or agency of any person who had access to any protected information or documents shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of the protected information or documents.

6.     The Court shall retain jurisdiction to enforce the terms of the proposed Protective Order.

Respectfully submitted by:

DATED: June ___, 2009          CRANDALL, WADE & LOWE

                                             See attached signature page
                                             _____
                                             JANET G. HARRIS
                                             GEOFFREY T. HILL
                                             Attorneys for Plaintiff Dwayne Sutherland


DATED: June ___, 2009          MARSHA JONES MOUTRIE
                                             CITY ATTORNEY, SANTA MONICA


                                             See attached signature page
                                             _____
                                             By ANTHONY SERRITELLA
                                             Deputy City Attorney
                                             Attorneys for Defendant Kevin Baker

///
///

11

DATED: June __, 2009                 THOMAS P. O'BRIEN
                                     United States Attorney
                                     LEON W. WEIDMAN
                                     Assistant United States Attorney
                                     Chief, Civil Division

                                     See attached signature page

                                     _____
                                     TIM L. LASKE
                                     Assistant United States Attorney
                                     Attorneys for Federal Defendant the
                                     United States of America

## [PROPOSED] PROTECTIVE ORDER
## BASED UPON THE STIPULATION OF THE PARTIES

Pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters this Protective Order upon the joint stipulation of the parties, filed herein, and it appearing to the Court that such order should be issued, therefore,

IT IS HEREBY ORDERED THAT:

**A.    Designation of Information Subject to this Protective Order**

1.     This Protective Order shall cover any and all information and documents including, but not limited to, federal government officials, employees or agents; state and local law enforcement officials, employees or agents; undercover law enforcement personnel; non–party witnesses; plaintiff's relatives and associates; government sensitive and confidential law enforcement information regarding the policies, methods, techniques, procedures, guidelines and intelligence for ICE operations and detention of aliens; the ICE surveillance operation conducted on the day of the shooting; the subsequent investigation into the shooting; plaintiff's certified alien file and certified detention file; plaintiff's detention at ICE's San Pedro Detention Center; and persons whose information may be otherwise protected by the Privacy Act.

2.     As used in this Protective Order, the term "Confidential Information" shall include any information that is disclosed by Defendants to plaintiff's counsel and

which at or before the time of disclosure has been designated as **"Confidential -**
**Subject to Protective Order**" by Defendants in one or more of the following ways:

      a.    Information set forth in a response to any written discovery may
be so designated by including the word "Confidential - Subject to Protective Order"
in the response;

      b.    Information contained in any document or part thereof may be so
designated by marking the word "Confidential- Subject to Protective Order" on the
document or by giving written notice to counsel for plaintiff describing the document
or part thereof either specifically or by category.

      c.    Information contained in any statement made during an oral
deposition may be so designated through a statement made on the record, or by
providing plaintiff's counsel a list of designated lines from any deposition transcript
containing information covered by this Protective Order within fifteen (15) business
days of receiving the deposition transcript.

    3.    "Confidential Information" may be further designated "Highly
Confidential Information" by placing the phrase **"Highly Confidential - Attorneys'**
**Eyes Only"** conspicuously on each page to be afforded such treatment under this
Protective Order.  Such designation shall be by one of the methods described above
in **paragraph A, part 2.**

    4.    "Confidential" or "Highly Confidential" information shall also include
any information that is disclosed by third-party government entities or personnel to
plaintiff's counsel.  Defendants shall have fifteen (15) business days from the receipt
of such information from plaintiff, his counsel or third-party vendor (*i.e.*, U.S. Legal
Support, or court reporting service) to notify any of the parties that any information
shall be designated as "Confidential" or "Highly Confidential."  Such designation
shall be by one of the methods described above in **paragraph A, part 2.**

///

///

13

**B.    Disclosure And Use of Information to be Protected By this Protective Order**

1.    "Confidential Information" may be disclosed by plaintiff's counsel only to the following persons:

A.    Named plaintiff;

B.    Attorneys of record for plaintiff, including any attorneys employed by a law firm or legal organization of record that represents plaintiff;

C.    Secretarial, clerical, paralegal, or student personnel employed full-time or part-time by attorneys or a law firm or legal organization of record that represents plaintiff;

D.    Independent (non-employee) expert witnesses or consulting experts retained by plaintiff, attorneys, law firm or legal organization of record in connection with this action;

E.    the Court and its personnel, and any court reporters and stenographers engaged in recording testimony and proceedings and their employees,  however, that counsel wishing to file such materials with the Court must comply with **paragraph B, part 5** herein; and

F.    such other persons as hereafter may be authorized by the Court upon motion of any of the parties.

2.    "Highly Confidential Information" may be disclosed by plaintiff or his counsel only to the following persons:

A.    Attorneys of record for plaintiff, including any attorneys employed by a law firm or legal organization of record to whom such disclosure is deemed reasonably necessary by such counsel to conduct this litigation;

B.    Secretarial, clerical, paralegal, or student personnel employed full-time or part-time by attorneys or a law firm or legal organization to whom such disclosure is deemed reasonably necessary by such counsel to conduct this litigation;

C.     Independent (non-employee) expert witnesses or consulting experts retained by plaintiff, attorneys, law firm or legal organization of record to whom such disclosure is deemed reasonably necessary by such counsel to conduct this litigation; and

D.     the Court and its personnel, and any court reporters and stenographers engaged in recording testimony and proceedings and their employees, however, that counsel wishing to file such materials with the Court must comply with **paragraph B, part 5** herein.

3.     A copy of this Protective Order shall be delivered to each of the named parties and to each person identified in **paragraph B, parts 1 and 2** to whom a disclosure of "Confidential" or "Highly Confidential" information is made, at or before the time of disclosure, by counsel for plaintiff.  The provisions of this Protective Order shall be binding upon each person to whom disclosure is made and no such person shall make disclosure of such information to any other person unless disclosure is reasonably and in good faith calculated to aid in preparation of this action.  In addition, plaintiff's counsel shall ensure prior to disclosure of "Confidential" or "Highly Confidential" information to persons listed in **paragraph B, part 1, sub-part d and f,** that such persons must have read, understood and acknowledge in writing his or her agreement to be bound by the Protective Order, as follows:

**I, _____, declare under the penalty that I have read and understand the terms of this Protective Order issued by the United States District Court on _____, 2009.  I understand that this Protective Order remains in effect during and after the conclusion of this litigation, and I agree to be bound by it.  I understand that I may be subject to penalties for contempt of Court if I violate this Protective Order.**

**Dated: _____                    _____**

1    To the extent that "Confidential" or "Highly Confidential" information may
2   be identified or referred to in depositions in this action, the court reporter
3   transcribing the deposition shall sign the statement set forth above herein. Any
4   questions intended to elicit testimony regarding the contents of the protected
5   documents or information shall be conducted only in the presence of persons
6   authorized to review the protected documents as provided in this Protective Order.
7   Any deposition transcript containing such questions and testimony shall be subject
8   to the same protections and precautions as the protected documents themselves.

9    Plaintiff's counsel shall be responsible for maintain the signed original of
10  each such written agreement until the conclusion of this action, including any
11  appeal, and shall produce such written statements to Defendants for inspection
12  upon demand.

13   4.    The provisions of this Protective Order shall not be construed to
14  prevent any disclosure of "Confidential" or "Highly Confidential" information by
15  Defendants; any judge, magistrate or employee of this Court for purposes of this
16  action; or for the purposes of enforcement of the criminal laws.

17   5.    Before counsel for plaintiff may file with the Court any pleadings,
18  motions or other papers disclosing "Confidential" or "Highly Confidential"
19  information provided by Defendants or third-party government agency, it shall
20  give no less than five business days notice to Defendants identifying the
21  information that would be disclosed.  Defendants may make an application to the
22  Court requesting that the papers or confidential portions thereof be filed under seal.
23  If such an application is made, the papers in question shall not be filed until the
24  Court renders a decision on that application.  In addition, Defendants may make an
25  application to the Court requesting that any pleadings, motions or other papers
26  disclosing their own "Confidential" or "Highly Confidential" information be filed
27  under seal and the papers in question shall not be filed until the Court renders a
28  decision on that application.

6.     "Confidential" and "Highly Confidential" information disclosed to plaintiff or his counsel in this action shall be used by plaintiff or his counsel <u>only for purposes of this action</u>, and shall not be published to the public in any form by plaintiff or his counsel, nor used by them for any business, commercial or advocacy purposes.

7.     The parties and their counsel may use "Confidential" or "Highly Confidential" information and documents, subject to the limitations in the Protective Order, in conducting further discovery in this case, in law and motion proceedings, and in all preparations for trial.

8.     The parties and their counsel may use "Confidential" or "Highly Confidential" information and documents, subject to the limitations in the Protective Order, at trial in this matter, including without limitation, in the examination of any witness, and in the presentation of evidence, in making and defending trial motions, in trial briefs and in oral argument.

9.     The parties and their counsel may use "Confidential" or "Highly Confidential" information and documents, subject to the limitations in the Protective Order, in any appellate proceedings.

10.    Upon the conclusion of this litigation, all "Confidential Information" or "Highly Confidential Information" shall be returned to the producing party, or shall be certified to be destroyed.

**C.     Objections And Modification to Confidential Treatment of Information**

1.     A party to this Protective Order shall not be obligated to challenge the propriety of the designation of information as "Confidential" or "Highly Confidential" information at the time made, and failure to do so shall not preclude a subsequent challenge thereof, provided that such challenge is made prior to the close of discovery.  If a party disputes the designation of any information, the party shall attempt to informally resolve the issue with the other parties.  If the parties are unable to resolve the issue, counsel may file an appropriate motion with the

1  Court designating the information or documents at issue and why the party is

2  seeking to change or remove the "Confidential" or "Highly Confidential"

3  designation.  Until a resolution is achieved through agreement or court order, all

4  persons must treat the documents or information in question as "Confidential" or

5  "Highly Confidential" information.

6       2.      This Protective Order may be modified if the parties agree to such

7  modification or if such modification is ordered by the Court.

8       3.      Any person may at any time move, on notice to all parties, for

9  modification of, or other relief from, this Protective Order.

10 **D.     The Scope of this Protective Order**

11      1.      Nothing herein is intended to preclude Defendants from asserting the

12 law enforcement and investigatory privileges, or any other applicable privilege or

13 restriction, including the Privacy Act, with respect to information and documents

14 which they deem to be sensitive to criminal investigations, informants or law

15 enforcement personnel, and declining to produce such information or documents.

16      2.      Nothing herein is intended to preclude plaintiff or any other party

17 from challenging the confidentiality designation, or the assertion of privilege

18 pursuant to the Federal Rules of Evidence or the Federal Rules of Civil Procedure,

19 by defendants Baker or the United States.

20      3.      Nothing herein is intended to compromise the rights of any party to

21 object to discovery or the admission into evidence of any document, record,

22 testimony or other information pursuant to the Federal Rules of Evidence or the

23 Federal Rules of Civil Procedure, nor is it intended to alter any burden of proof

24 regarding any assertion of privilege in this matter.

25      4.      Nothing herein constitutes a decision by the Court concerning

26 discovery disputes or the admission into evidence of any specific document,

27 testimony, or liability for payment of any costs of production or reproduction of

28 documents.

5.    Neither termination of this action, nor the termination of employment, engagement, or agency of any person who had access to any protected information or documents shall relieve any person from the obligation of maintaining both the confidentiality and the restrictions on use of the protected information or documents.

6.    The Court shall retain jurisdiction to enforce the terms of this Protective Order.

DATED:    7/16/2009

_____
HON. PATRICK J. WALSH
U.S. MAGISTRATE JUDGE


**APPROVED AS TO CONTENT AND FORM**

CRANDALL, WADE & LOWE

See attached signature page

_____
JAMES CRANDALL
JANET G. HARRIS
GEOFFREY T. HILL
Attorneys for Plaintiff Dwayne Sutherland


MARSHA JONES MOUTRIE
CITY ATTORNEY, SANTA MONICA


See attached signature page

_____
By ANTHONY SERRITELLA
Deputy City Attorney
Attorneys for Defendant Kevin Baker

////

////

///

1

THOMAS P. O'BRIEN
United States Attorney

2

LEON W. WEIDMAN
Assistant United States Attorney

3

Chief, Civil Division

4

See attached signature page

5

_____

6

TIM L. LASKE
Assistant United States Attorney

7

Attorneys for Federal Defendant the
United States of America

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28